IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Angela O'Neal, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| NCO Financial Systems, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Angela O'Neal, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Angela O'Neal ("Plaintiff"), is an adult individual residing in Wendell, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCO Engages in Harassment and Abusive Tactics

10. NCO began placing calls to Plaintiff's residential telephone in early March 2010, in an attempt to collect the Debt.

11. Plaintiff informed NCO that she filed for bankruptcy and that the Debt was included in the bankruptcy.

12. Plaintiff verbally requested NCO to cease placing calls to her in an attempt to collect the Debt.

13. Plaintiff provided NCO with her bankruptcy attorney's contact information and advised NCO to contact her attorney if it had any additional questions about the Debt.

14. NCO continues to place as many as three (3) calls a day to Plaintiff in an attempt to collect the Debt despite knowing that the Debt has been included in Plaintiff's bankruptcy.

15. NCO sent written correspondence to Plaintiff in an attempt to collect the Debt after notification that Plaintiff was represented by counsel with regard to the Debt.

16. NCO has failed to properly identify itself when placing calls to Plaintiff.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, emotional distress, and frustration.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

21. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

22. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## **COUNT II**
## **VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.**

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

28. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

29. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

30. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances.

4

31. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendant falsely represented the character, extent, or amount of a debt against the Plaintiff.

32. The Defendant's conduct violated N.C. Gen.Stat. § 75-55(3) in that Defendant communicated with the Plaintiff whenever the Defendant have been notified by the Plaintiff's attorney that he represents said Plaintiff.

33. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

37. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

38. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 6, 2011

Respectfully submitted,

By /s/ Stacie Watson

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237